# GUILTY PLEA and PLEA AGREEMENT

United States Attorney
Northern District of Georgia

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION
CRIMINAL NO. 1:20-CR-164-AT

The United States Attorney for the Northern District of Georgia ("the Government") and Defendant Xiao-Jiang Li enter into this plea agreement as set forth below in Part IV pursuant to Rules 11(c)(1)(A) & (B) of the Federal Rules of Criminal Procedure. Xiao-Jiang Li, Defendant, having received a copy of the above-numbered Information and having been arraigned, hereby pleads GUILTY to the Information.

## I.  ADMISSION OF GUILT

1. The Defendant admits that he is pleading guilty because he is in fact guilty of the crime(s) charged in the Information.

## II. ACKNOWLEDGMENT & WAIVER OF RIGHTS

2. The Defendant understands that by pleading guilty, he is giving up the right to plead not guilty and the right to be tried by a jury. At a trial, the Defendant would have the right to an attorney, and if the Defendant could not afford an attorney, the Court would appoint one to represent the Defendant at trial and at every stage of the proceedings. During the trial, the Defendant would be presumed innocent and the Government would have the burden of proving him guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the witnesses against him. If the Defendant wished, he could testify on his own behalf and present evidence in his defense, and he

could subpoena witnesses to testify on his behalf. If, however, the Defendant did not wish to testify, that fact could not be used against him, and the Government could not compel him to incriminate himself. If the Defendant were found guilty after a trial, he would have the right to appeal the conviction.

3. The Defendant understands that by pleading guilty, he is giving up all of these rights and there will not be a trial of any kind.

4. By pleading guilty, the Defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could have been filed.

5. The Defendant also understands that he ordinarily would have the right to appeal his sentence and, under some circumstances, to attack the conviction and sentence in post-conviction proceedings. By entering this Plea Agreement, the Defendant may be waiving some or all of those rights to appeal and to collaterally attack his conviction and sentence, as specified below.

6. Finally, the Defendant understands that, to plead guilty, he may have to answer, under oath, questions posed to him by the Court concerning the rights that he is giving up and the facts of this case, and the Defendant's answers, if untruthful, may later be used against him in a prosecution for perjury or false statements.

### III.   ACKNOWLEDGMENT OF PENALTIES

7. The Defendant understands that, based on his plea of guilty, he will be subject to the following maximum and mandatory minimum penalties:

**As to the sole charge in the Information**

  a. Maximum term of imprisonment: 3 years.

  b. Mandatory minimum term of imprisonment: None.

  c. Term of supervised release: Up to 1 year.

  d. Maximum fine: $250,000.00, due and payable immediately.

  e. Mandatory special assessment: $100.00, due and payable immediately.

8. The Defendant understands that, before imposing sentence in this case, the Court will be required to consider, among other factors, the provisions of the United States Sentencing Guidelines and that, under certain circumstances, the Court has the discretion to depart from those Guidelines. The Defendant further understands that the Court may impose a sentence up to and including the statutory maximum as set forth in the above paragraph and that no one can predict his exact sentence at this time.

9. REMOVAL FROM THE UNITED STATES: The Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the Defendant is pleading guilty. Indeed, because the Defendant is pleading guilty to this offense, removal is presumptively mandatory if he is not a citizen of the United States.

3

Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the District Court, can predict to a certainty the effect of his conviction on his immigration status. The Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

## IV.   PLEA AGREEMENT

10. The Defendant, his counsel, and the Government, subject to approval by the Court, have agreed upon a negotiated plea in this case, the terms of which are as follows:

### No Additional Charges

11. The United States Attorney for the Northern District of Georgia agrees: (i) to move to dismiss the charges currently pending against the Defendant in Case No. 1:19-MJ-1007 at sentencing and (ii) to not bring further criminal charges against the Defendant related to the charge to which he is pleading guilty or the currently pending charges in Case No. 1:19-MJ-1007. The Defendant understands that this provision does not bar prosecution by any other federal, state, or local jurisdiction.

### Sentencing Guidelines Recommendations

12. Based upon the evidence currently known to the Government, the Government agrees to make the following recommendations and/or to enter into the following stipulations.

4

**Base/Adjusted Offense Level**

13. The Government agrees to recommend and the Defendant agrees that:

    a. The applicable offense guideline is Section 2T1.1.

    b. The tax loss resulting from the count of conviction and all relevant conduct is more than $15,000, but less than $40,000, resulting in a 12-level increase under Section 2T4.l(D).

**Requested Waiver of Presentence Investigation Report**

14. Under Rule 32 of the Federal Rules of Criminal Procedure, the Court may forgo the preparation of a Presentence Investigation Report by the probation officer if "the [C]ourt finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, and the [C]ourt explains its finding on the record." Fed. R. Crim. P. 32(c)(1(A)(ii).

15. The Government and the Defendant agree to respectfully request that the Court waive the preparation of a Presentence Investigation Report in this case. In support of this request, the parties jointly agree that:

    a. The Defendant's Criminal History Category is I.

    b. The Defendant's Adjusted Offense Level is 12.

    c. The Defendant's Total Offense Level is 10 after receipt of a two level reduction for acceptance of responsibility under Section 3E1.1.

    d. The Defendant's Custody Guideline Range is 6 to 12 months (Zone B).

    e. The Defendant's Fine Guideline Range is $4,000 to $40,000.

16. The Government and the Defendant agree to respectfully request that the Court combine the change of plea and sentencing hearings into a single hearing to be completed on the same date.

**Acceptance of Responsibility**

17. The Government will recommend that the Defendant receive an offense level adjustment for acceptance of responsibility, pursuant to Section 3E1.1, to the maximum extent authorized by the guideline. However, the Government will not be required to recommend acceptance of responsibility if, after entering this Plea Agreement, the Defendant engages in conduct inconsistent with accepting responsibility. Thus, by way of example only, should the Defendant falsely deny or falsely attempt to minimize the Defendant's involvement in relevant offense conduct, give conflicting statements about the Defendant's involvement, fail to pay the special assessment, fail to meet any of the obligations set forth in the Financial Cooperation Provisions set forth below, or participate in additional criminal conduct, including unlawful personal use of a controlled substance, the Government will not be required to recommend acceptance of responsibility.

## Right to Answer Questions, Correct Misstatements, and Make Recommendations

18. The parties reserve the right to inform the Court and the Probation Office of all facts and circumstances regarding the Defendant and this case, and to respond to any questions from the Court and the Probation Office and to any misstatements of fact or law. Except as expressly stated elsewhere in this Plea Agreement, the parties also reserve the right to make recommendations

regarding application of the Sentencing Guidelines. The parties understand, acknowledge, and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed.

<h2 align="center">Right to Modify Recommendations</h2>

19. With regard to the Government's recommendation as to any specific application of the Sentencing Guidelines as set forth elsewhere in this Plea Agreement, the Defendant understands and agrees that, should the Government obtain or receive additional evidence concerning the facts underlying any such recommendation, the Government will bring that evidence to the attention of the Court and/or the Probation Office. In addition, if the additional evidence is sufficient to support a finding of a different application of the Guidelines, the Government will not be bound to make the recommendation set forth elsewhere in this Plea Agreement, and the failure to do so will not constitute a violation of this Plea Agreement.

<h2 align="center">Sentencing Recommendations</h2>

**Specific Sentence Recommendation**

20. Unless the Defendant engages in conduct inconsistent with accepting responsibility, as described more fully in paragraph 17, the Government will recommend that the Defendant receive a low-end of the Guidelines sentence. The Defendant and the Government agree to jointly recommend that the following special conditions would apply to any term of probation or supervised release:

a.  the Defendant should be permitted to travel to and reside in China for employment and medical reasons so long as he reports his dates of travel to his probation officer before the travel commences;

b.  the Defendant must file lawful income tax returns for the year(s) 2012 through 2018 within the first two months of his probation or supervised release; and

c.  the Defendant must fully cooperate with the Examination Division, Internal Revenue Service, in making a complete and accurate determination of all taxes, penalties, and interest that the Defendant owes.

The Defendant understands and agrees that the Internal Revenue Service will not be bound by the tax loss calculations referenced in this Plea Agreement or otherwise determined by the Court at sentencing. Nothing in this Plea Agreement shall limit the Internal Revenue Service in its collection of any taxes, interest, and penalties from the Defendant. In addition, nothing in the foregoing paragraph limits the Defendant's ability to challenge the Internal Revenue Service's determinations in a court or other legal proceeding.

**Fine--No Recommendation**

21. The Government agrees to make no specific recommendation as to whether a fine is warranted or the amount of such fine.

8

## Financial Cooperation Provisions

**Special Assessment**

22. The Defendant agrees that he will pay a special assessment in the amount of $100 by money order or certified check made payable to the Clerk of Court, U.S. District Court, 2211 U.S. Courthouse, 75 Ted Turner Drive SW, Atlanta, Georgia 30303, by the day of sentencing. The Defendant agrees to provide proof of such payment to the undersigned Assistant United States Attorney upon payment thereof.

**Fine/Restitution - Terms of Payment**

23. The Defendant agrees to pay any fine and/or restitution imposed by the Court to the Clerk of Court for eventual disbursement to the appropriate account and/or victim(s). The Defendant also agrees that the full fine and/or restitution amount shall be considered due and payable immediately. If the Defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, he agrees that the custodial agency and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The Defendant understands that this payment schedule represents a minimum obligation and that, should the Defendant's financial situation establish that he is able to pay more toward the fine and/or restitution, the Government is entitled to pursue other sources of recovery of the fine and/or restitution. The Defendant further agrees to cooperate fully in efforts to collect the fine and/or restitution obligation by any legal means the Government deems appropriate. Finally, the Defendant

and his counsel agree that the Government may contact the Defendant regarding the collection of any fine and/or restitution without notifying and outside the presence of his counsel.

**Restitution in Title 26 Cases**

24. In consideration of the benefits received by the Defendant under the terms of this Plea Agreement, the Defendant agrees to pay, at or before the time of sentencing, $35,089 as restitution to the Clerk of Court for the victim, the Internal Revenue Service, for the offense(s) to which he is pleading guilty and all relevant conduct, including, but not limited to, any counts dismissed as a result of this Plea Agreement, regardless of the Defendant's financial resources.

## Recommendations/Stipulations Non-binding

25. The Defendant understands and agrees that the recommendations of the Government incorporated within this Plea Agreement, as well as any stipulations of fact or guideline computations incorporated within this Plea Agreement or otherwise discussed between the parties, are not binding on the Court and that the Court's failure to accept one or more of the recommendations, stipulations, and/or guideline computations will not constitute grounds to withdraw his guilty plea or to claim a breach of this Plea Agreement.

## Limited Waiver of Appeal

26. LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to,

10

motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or upward variance above the sentencing guideline range as calculated by the District Court. Claims that the Defendant's counsel rendered constitutionally ineffective assistance are excepted from this waiver. The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

## Miscellaneous Waivers

**FOIA/Privacy Act Waiver**

27. The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

11

## No Other Agreements

28. There are no other agreements, promises, representations, or understandings between the Defendant and the Government.

In Open Court this ___8th___ day of _____May_____ , ___2020___ .

_____
SIGNATURE (Defendant's Attorney)
Peter Zeidenberg

_____
SIGNATURE (Defendant)
Xiao-Jiang Li

_____
SIGNATURE (Defendant's Attorney)
Jim Wimberly

_____
SIGNATURE (Assistant U.S. Attorney)
Samir Kaushal

/s/ Michael Herskowitz
_____
SIGNATURE (Approving Official)
Michael Herskowitz

12

I have read the Information against me and have discussed it with my attorney. I understand the charges and the elements of each charge that the Government would have to prove to convict me at a trial. I have read the foregoing Plea Agreement and have carefully reviewed every part of it with my attorney. I understand the terms and conditions contained in the Plea Agreement, and I voluntarily agree to them. I also have discussed with my attorney the rights I may have to appeal or challenge my conviction and sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement. The discussions between my attorney and the Government toward reaching a negotiated plea in this case took place with my permission. I am fully satisfied with the representation provided to me by my attorney in this case.

_____          May 7 2020
_____
SIGNATURE (Defendant)              DATE
Xiao-Jiang Li

13

I am Xiao-Jiang Li's lawyer. I have carefully reviewed the charges and the
Plea Agreement with my client. To my knowledge, my client is making an
informed and voluntary decision to plead guilty and to enter into the Plea
Agreement.

_____          05/07/2020
SIGNATURE (Defendant's Attorney)      _____
Peter Zeidenberg                       DATE


District of Columbia Bar Number: _440803_____


Filed in Open Court

This ____ day of _____, 20__

By _____

14

U. S. DEPARTMENT OF JUSTICE

Statement of Special Assessment Account

This statement reflects your special assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION | |
| --- | --- |
| CRIMINAL ACTION NO.: | 1:20-CR-164-AT |
| DEFENDANT'S NAME: | XIAO-JIANG LI |
| PAY THIS AMOUNT: | $100 |

Instructions:

1. Payment must be made by **certified check** or **money order** payable to:
   Clerk of Court, U.S. District Court
   **\*personal checks will not be accepted\***
2. Payment must be made to the clerk's office by the day of sentencing.
3. Payment should be sent or hand delivered to:
   Clerk, U.S. District Court
   2211 U.S. Courthouse
   75 Ted Turner Drive SW
   Atlanta, Georgia 30303
   (Do Not Send Cash)
4. Include the defendant's name on **certified check** or **money order.**
5. Enclose this coupon to insure proper and prompt application of payment.
6. Provide proof of payment to the above-signed AUSA within 30 days of the guilty plea.